EXHIBIT A

# KOEHLER & ISAACS LLP

RICHARD J. KOEHLER
STEVEN ISAACS

CHRISTOPHER J. BATTAGLIA
RUDOLPH BEHRMANN
MICHAEL R. BERTSCHI
LIAM L. CASTRO
RENA C. DAWSON
CYNTHIA DEVASIA
HALLIE J. GAINES
MALCOLM A. GOLDSTEIN
STEVEN D. HAMBURG
JOEY JACKSON
DAWN K. KELLY
MARK L. KOREN
OMAR D. LOPERA
MERCEDES M. MALDONADO
MARLON A. MARTINEZ
DAVID N. McGRUDER
MATHEW PAULOSE, JR.
NAUREEN S. RASHID
LUIS A. SERRANO
HOWARD G. WIEN

ATTORNEYS AT LAW
61 BROADWAY, 25TH FLOOR
NEW YORK, NY 10006
Tel: (917) 551-1300  Fax: (917) 551-0030
www.koehler-isaacs.com



OF COUNSEL
RAYMOND J. AAB
ROYCE RUSSELL
ALAN SERRINS
BARRY WASHOR

WRITER'S DIRECT DIAL

July 31, 2009

AUSA Benjamin Naftalis
One St. Andrews Plaza
New York, N.Y. 10007

Re: USA v. Jhon Jairo Herrera;
    Indict No.: S3 04 CR 962 (LAP)

Dear Mr. Naftalis:

Please accept this letter in lieu of a formal motion for discovery and particulars. In accordance with Federal Rules of Criminal Procedure 16, 7(f), 12(c), and 12(d), and Federal Rules of Evidence, Rules 104, 103, 404, 608 and 609, I ask on behalf of the defendant for the right to receive, duplicate, discover and inspect each of the following:

## DISCOVERY

Pursuant to Federal Rules of Criminal Procedure, Rule 16(a)(1)(A); <u>Bruton v. United States,</u>, 391 U.S. 123, 88 S. Ct. 1620.

a) Please provide and permit me to inspect and copy or photograph any relevant written or recorded statements made by the defendant, co-defendant, and/or co-conspirators, or copies thereof, including but not limited to tapes, transcripts or verbatim notes memorializing the words of the defendant, which are within the

**KOEHLER & ISAACS LLP**

possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and if so, please state the names of any and all individuals who made the written or recorded statements or who were present when the statements were made;

b)   Please state whether any statements were obtained through the use of electronic surveillance, and if so, provide copies of any and all warrants for such surveillance, sealing orders, supporting affidavits and reports of returns on the warrants connected with this case, whether or not any arrest seizures, or electronic surveillances were made as a result of the application;

c)   Please provide and permit me to inspect and copy or photograph the substance of any oral statement which the government intends to offer in evidence at the trial made by the defendant, co-defendants, and/or co-conspirators whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent, when such statements were made, who was present at the time, whether Miranda warnings were given, and the names of any individuals to whom these statements were made.

d)   Please indicate whether the government is in possession of any statements made by persons other than the defendant which it intends to offer under exceptions to the hearsay evidentiary rules or which are likely to draw an objection to admissibility based upon such rules. Please indicate the substance of any such statements and the theory under which the government contends they are admissible.

2.   Pursuant to Federal Rules of Criminal Procedure Rule 16 (a)(1)(B), Federal Rules of Evidence, Rules 403, 404, 608 and 609, United States v. Figueroa, 618 F. 2d 934 (2d Cir. 1980), United States v. Mohel, 604 F. 2d 748 (2d Cir. 1979), United States v. Lyles, 593 F. 2d 182 (2d Cir. 1979), United States v. O'Connor, 580 F. 2d 38 (2d Cir. 1978), United States v. DeVaughn, 579 F. 225 (2d Cir. 1978), United States v. Benedetto, 571 F. 2d 1246 (2d Cir. 1978:

RAYMOND J. AAB

     a) Please provide a legible copy of the F.B.I. report or N.Y.S.I.I.S. report, or report of any other jurisdiction, of the defendant's prior criminal record, if any;

     b) Please state whether the government intends to offer evidence of prior or subsequent criminal or bad acts of the defendant in connection with this case, and if so, please provide the particulars of those acts including time, date, location of the commission of the acts, a description of the acts, and whether any court proceedings resulted, and if so, in what Court and with what result.

3) Pursuant to Federal Rules of the Criminal Procedure Rule 16(a)(1)(E) and <u>Payton v. New York</u>, 445 U.S. 573, 100 S.Ct. 1371 (1980), 63 L.Ed 2d 639 (1978), <u>Mincey v. Arizona</u>, 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed. 2d 290 (1978), <u>Manson v. Brathwaite</u>, 432, U.S. 98, 97 S.Ct. 2243, 53 L. Ed. 2d 140 (1977), <u>Chimel v. California</u>, 395 U.S. 752, 89 S. Ct. 2034, 23 L. Ed. 2d 685 (1969), <u>Simmons V. United States</u>, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed. 2d 1247 (1968), <u>United States v. Chadwick</u>, 532 F.2d 773 (1st Cir. 1976), <u>aff'd</u> 433 U.S. 1, 97, S.Ct. 2476, 53 L. Ed. 2d 538 (1977), please provide copies or permit me to inspect and photograph the following:

     a) All books, papers, documents, photograph, drawings, film, video tape, tangible objects, buildings or places, personal effects taken from or belonging to the defendant and any other physical evidence which is in the possession, custody or control of the government or its agents, which are material to this case, or trial, or which were obtained from or belonging to the defendant;

     b) If any evidence obtained was taken from the defendant or belongs to the defendant, state whether it was taken pursuant to a warrant, and if so, please attach copies of all such warrants, supporting affidavits and reports or returns on all such warrants and provide the names of any officers involved, and the date, time and exact location of any such seizures;

     c) If any evidence obtained was taken from the defendant or belongs to the defendant and was not taken pursuant to a warrant, please provide the names of any officers involved, the date, time and exact location of any such evidence seized, and state how it was packaged at the time of the seizure;

     d) The exact location where each item was allegedly seized;

3

**KOEHLER & ISAACS LLP**

e) If, during the course of the investigation of this matter, the defendant's photograph, likeness, or image was exhibited to anyone not then employed by a law enforcement agency, please state the date, time and place of each occurrence and the names of the persons including counsel who were present.

4. Pursuant to Federal Rules of Criminal Procedure, Rule 16(a)(1)(F): Please provide copies, or permit me inspect and copy the results or reports of any laboratory or scientific tests and experiments, including physical or mental examinations and reports thereof, in the possession or control of the government or its agents, the existence of which is known or could by due diligence become known to the attorney for the government, which the government intends to introduce at trial or which may be material to the preparation of the defense case.

5. Pursuant to United States v. Giglio, 405 U.S. 150, 92 S.Ct. 763, 321 L.Ed. 2d 104 (1972), Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed. 2d 1217 (1959), United States v. Cannone, 528 F.2d 296 (2d Cir. 1975), United States v. Percevault, 490 F.2d 170 (9 Cir. 1973), United States v. Richter, 488 F. 2d 170 (9 Cir. 1973), United States v. Baum, 482 F. 2d 1325 (2d Cir. 1973) and Federal Rules of Evidence, Rules 608 and 609, please provide:

a) a list of witnesses the government intends to call at trial, including the names and addresses of all persons said to have been present at or to have personal knowledge of any statements or actions of the defendant and their addresses, agency affiliation (if relevant) and criminal record, if any;

b) Copies of prior statements of witnesses and reports of agents related to this case;

c) The names and addresses of any person present during any part of the commission of any of the acts alleged in the indictment that the government does not intend to call as a witness;

d) Please provide a written list of the names, addresses and qualifications of all experts the government intends to call as witnesses at trial together with all reports made by such experts or, if reports have not been made, a brief description of the opinion and subject matter of the opinion to which each is to testify

**KOEHLER & ISAACS LLP**

e) Copies of any "letter agreements" entered into, or any other agreement made, between the government and its agents and any prospective witness offering assistance to the witness and obtaining leniency to any Court, or lack of prosecution or arrest, or any other favorable treatment or consideration for the efforts made in connection with any aspect of this case by the witness.

6. Pursuant to United States v. Giglio, 405 U.S. 150, 92 S.Ct. 763, 321 L.Ed. 2d 104 (1972), Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed. 2d 1217 (1959), McCray v. Illinois, 386 U.S. 300 (1967), United States v. Turbide, 558 F.2d 1053 (1977), Rovario v. United States, 353 U.S. 53 (1957); United States v. Lindsey, 284 F.3d 874 (8th Cir. 2002); United States v. Thomas, 348 F. 3d 78 (5th Cir. 2003), cert. den. 124 S.Ct. 1481 (2004), please state:

a) whether any government informant is alleged to have participated in any of the acts alleged in the indictment, and the name and address of any and all such persons;

b) whether any government informant is alleged to have been present during any of the acts alleged in the indictment, and the name and address of any and all such persons; c) whether any government informant has provided any information which led to the arrest of the defendant;

d) if the answer to a), b), or c), above is "yes," please state:

1) whether the informant was registered or not;

2) whether the informant has worked for the government in the past;

3) whether the informant has a prior criminal record and if so, provide it;

4) whether the informant was paid for his efforts in this case and, if so, how much;

5) whether the informant has any pending cases anywhere, and if so, whether any assistance or consideration was offered or is intended by the government to be offered on behalf of the informant with respect to any pending case the informant has;

e) whether any government informant provided probable cause for the arrest or apprehension of the defendant or seizure of evidence, and if so please make that person available for an in camera inspection by the Court;

5

**KOEHLER & ISAACS LLP**

     f) copies of any "letter agreement" entered into, or any other agreement made, between the government or its agents and any prospective informant offering assistance to the informant in obtaining leniency in any court, or lack of prosecution or arrest, or any other favorable treatment or consideration for the efforts made in connection with any aspect of this case by the informant.

     g) The foregoing information concerning government informants is essential for the defendant to present a fair defense: (1) as described in the indictment, the level of the defendant's alleged involvement is minimal; (2) the disclosure of the information is helpful to the defense and (3) it is reasonably probable that the informer can give relevant testimony material to the defense. United States v. Rowland, 464 F.3d 899 (9th Cir. 2006); U.S. v. Henderson, 241 F. 3d 638 (9th Cir. 2000); United States v. McManus, 560 F. 2d 747, 751 (6th Cir. 1977), cert.den., 434 U.S. 1047 (1978).

     7. Pursuant to the Constitutional requirements of Strickler v. Greene, 527 U.S. 263 (1999), United States v. Agurs, 427 U.S. 97 (1927), Youngblood v. West Virginia, 126 S. Ct. 2188 (2006), United States v. Bagley, 473 U.S. 667 (1985) and Brady v. Maryland, 373 U.S. 83 (1963), please provide any exculpatory or favorable evidence or information, or any evidence or statements of anyone which may be favorable to the defendant or which may tend to exonerate him, which is in the possession or control of the government or its agents, or, if unknown, can by due diligence become known or acquired by the government, or its agents, including, but not limited to, the following:

     a) copies of any statement or substance of any oral statements made by any prospective government witness, or by any co-defendant or alleged co-conspirators, which is exculpatory of or favorable to the defendant, or which is inconsistent with any facts the government alleges with respect to the charges in the indictment;

     b) copies of any statements or the substance of any oral statements made at any time by the defendant in which he refused to participate in the acts alleged;

     c) copies of any reports of mental illness, drug use, excessive alcoholism, or any medical condition which would affect the ability to observe or remember an observed fact of any prospective government witness or informant;

RAYMOND J. AAB

      d) reports of any statement by any prospective witness or agents or informant who, having been in a position to observe the defendant in a location relevant to the commission of the alleged crimes, failed at a later date to identify the defendant as the person who was in that location8.

    8. Pursuant to Federal Rules of Criminal procedure, Rule 16(a)(1)(G), he defendants requests that the government disclose a written summary of expert opinion testimony that the government intends to use under Rules 702, 703 0r 705 of the Federal Rules of Evidence during its case in chief, and to permit the defendant to inspect and copy any reports or results of any testing of any scientific test or experiment.

## BILL OF PARTICULARS

    9. Pursuant to Rule 7(f) of the Federal Rules of Criminal procedure, and in order to inform Mr. the defendant of the acts for which he is charged with sufficient precision to allow him to prepare his defense, to avoid or minimize surprise at trial, or to enable him to plead his acquittal or conviction in bar to further prosecution for the same offense; Wong Tai v. United , 273 U.S. 77 (1927); United States v. Giese, 597 F.2d 1170 (9th Cir), *cert. denied*, 444 U.S. 979 (1979); or where the charge in the indictment are so general that they do not advise the defendant of the specific acts of which he is accused. United States v. Chen, 378 F.3d 151 (2nd Cir), *cert. denied*, 125 S.Ct. 512 (2004); and, please provide the following:

      a) The names of any and all unindicted co-conspirators if the government plans to use them as witnesses. United States v. Barrentine, 591 F.2d 1069 (5th Cir.), *cert. denied*, 444 U.S. 990 (1979);

      b) Identify the "persons known and unknown" who participated in the alleged conspiracy as pleaded in the indictment;

      c) Identify any "co-conspirators not named as defendants" in the indictment, and the specific dates and times the acts alleged occurred; the representation "in or about 2005" is too general for the defendant to prepare his defense;

      d) With reference to ¶ 12 of the indictment, state the dates that the defendant Jhon Jairo Herrera assisted his brothers in their control over the Bloques, and the nature of that assistance;

      e) Describe the specific dates that Jhon Jairo Herrera conspire with the co-defendants as alleged in ¶ 13 of the indictment, and state the last date that Jhon Jairo Herrera participated in the conspiracy;

7

RAYMOND J. AAB

      f)    State the dates and quantities of cocaine that the defendants are alleged to have imported into the United States, as alleged in ¶ 14 of the indictment;

      g)    State the date and location of the meeting described in ¶16(c) of the indictment of the purported meeting, and identify the co-conspirators and any others not named as defendants who attended it;

      h)    State the date and location of the meeting described in ¶¶ 16(f) and 20 (c) of the indictment where the defendant Jhon Jairo Herrera met;

      i)    State the names of the co-conspirators not named as defendants as described in ¶ 16 (g) of the indictment.

Very truly yours,

Koehler & Isaacs, LLP,
By_____
OMAR LOPERA
Attorneys for Jhon Jairo Herrera

cc:    Clerk, U.S. District Court
       Southern District of New York
       500 Pearle Street
       New York, N.Y. 10007

8