MAILED TO COUNSEL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/5/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------X

UNITED STATES OF AMERICA

- against -

JAIRO DE JESUS RENDON-HERRERA,

a/k/a "J,"

        Defendant.

------------------X

DEFENDANT'S PLEA
STATEMENT IN SUPPORT OF
JUDICIAL REMOVAL
PROCEEDINGS

S4 04 Cr. 962 (LAP)

JAIRO DE JESUS RENDON-HERRERA, defendant in the above-captioned criminal proceeding, hereby states as follows:

1. My true and correct name is Jairo de Jesus Rendon-Herrera;

2. I received a Notice of Intent to Request Judicial Removal ("Notice"), dated May 5, 2011. I am the person identified in that document. I hereby waive my right, pursuant to section 238(c)(2)(A) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1228(c)(2)(A), to have the Notice served upon me prior to the commencement of the trial or entry of a guilty plea in this case.

3. I received the Factual Allegations in Support of Judicial Removal ("Allegations"), dated May 5 2011. I hereby waive my right, pursuant to section 238(c)(2)(B) of the INA, 8 U.S.C. § 1228(c)(2)(B), to have the allegations served 30 days

prior to sentencing.

4. My rights in a judicial removal proceeding have been fully explained to me by my attorney, Jeffrey Michael Cohn, Esq. After consultation with counsel and understanding the legal consequences of doing so, I knowingly and voluntarily waive the right to the notice and hearing provided for in section 238(c)(2) of the INA, 8 U.S.C. § 1228(c)(2), and further waive any and all rights to appeal, reopen, reconsider, or otherwise challenge this order. I understand the rights I would possess in a contested administrative proceeding and I waive these rights, including my right to examine the evidence against me, present evidence on my own behalf, and cross-examine witnesses presented by the United States. I understand these rights and waive further explanation by the Court.

5. I hereby admit that all of the factual allegations set forth in the Allegations are true and correct as written.

6. I hereby concede that I am removable from the United States pursuant to section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1182(a)(7)(A)(i)(II), as an immigrant who, at the time of application for admission, is not in possession of a valid nonimmigrant visa or border crossing card identification card; and under section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act of 1952, 8 U.S.C. § 1182(a)(2)(A)(i)(I), as amended, as an alien who has been convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime.

7. I hereby waive any and all rights I may have to any and all forms of relief or protection from removal, deportation, or exclusion under the INA, as amended, and related

federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal under section 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3); any protection from removal pursuant to Article 3 of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. §§ 208.16-17 and 1208.16-17, cancellation of removal; adjustment of status; registry; *de novo* review of a denial or revocation of temporary protected status (current or future); waivers under sections 212(h) and 212(i) of the INA, 8 U.S.C. §§ 1182(h), 1182(i); visa petitions; consular processing; voluntary departure or any other possible relief or protection from removal available under the Constitution, laws or treaty obligations of the United States.

8. I agree to the entry of a stipulated judicial order of removal pursuant to section 238(c)(5) of the INA, 8 U.S.C. § 1228(c)(5). I acknowledge that I have not been persecuted in, and have no present fear of persecution in Panama, the country in which I boarded the aircraft that transported me to the United States, or in Colombia, the country of my nativity and citizenship. I further acknowledge that I have not been tortured in, and have no present fear of torture in Panama, the country in which I boarded the aircraft that transported me to the United States, or in Colombia, the country of my nativity and citizenship.

9. I consent to the introduction of this statement as an exhibit in the record of these judicial removal proceedings. I further agree to make the judicial order of removal a public document, waiving my privacy rights, including any privacy rights that might exist under 8 C.F.R. § 208.6.

10. I agree to assist U.S. Immigration and Customs Enforcement ("ICE") in the

execution of my removal. Specifically, I agree to assist ICE in the procurement of any travel, identity, or any other documents necessary for my removal; to meet with and to cooperate with representatives of the country or countries to which I may by statute be removed if ICE so requests; to execute any forms, applications, or waivers needed to execute or expedite my removal. I further understand that my failure or refusal to assist ICE in the execution of my removal may subject me to criminal penalties under section 243 of the INA, 8 U.S.C. § 1253.

11. I concede that the entry of this judicial order of removal renders me inadmissible to the United States. I agree that I will not enter, attempt to enter, or transit thorough the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

12. I will accept a written order issued by this Court for my removal from the United States to Panama, or, in the alternative, to Colombia as a final disposition of these proceedings, and I waive any and all rights to challenge any provision of this agreement in any U.S. or foreign court or tribunal.

_5/5/11_
Date

_5/5/11_
Date

Defendant's Signature

Attorney for the Defendant